## STATE, for the Use of JEREMIAH LEWDEN, v. MAJOR PETER JAQUETT.[1]

High Court of Errors and Appeals.   June 9, 1819.

*Ridgely's Notebook II, 402.*

---

[1] In the judgment of the Court this name is spelled "Jaquet."

480

*Rogers* for plaintiff in error. Two questions: First, whether the sheriff's recognizance is a lien on the land from the caption of the recognizance. Second, if it is a lien from the caption, whether on a sale made on proceedings on a mortgage, by the sheriff, he, the sheriff, is bound to pay out of the purchase money, or whether purchaser takes it subject to prior lien.

There are two descriptions of recognizance: First, at common law for payment of money. Second, by statute. Lands at common law not responsible for payment of debts. They were made liable by Statute, 13 Edw. I, c. 2. Therefore, lands not liable at common law on mortgage. 2 Bac.Abr.A. 328. Annual profits and goods and chattels only liable at common law. 3 Co. 12, 13. *Herbert's Case* 329c. 13 Edw. I first subjected land to payment of debt due by recognizance. By Statute of Westminister 2, 13 Edw. I, gives the *elegit*. Statute of Westminister made land chargeable on recognizance by issuing execution. Recognizance at common law for payment of money, bound estate of cognizor, but not for payment of recognizance with collateral condition, such as bail. 5 Co. 70, *Hoe's Case*. Recognizance which was not for payment of money, but with collateral condition, such as recognizance by special bail; land not bound till judgment on the recognizance. Reason, because before judgment none can know the debt or damages. Recognizance at common law, for payment of money, did not affect land until an execution was issued. 15 Vin.Abr. 97, A, pl. 2, recognizance before execution is no charge upon the land. Cites Cro.Eliz. 552, *Dr. Barrow v. Gray,* land not bound by recognizance until execution. 1 Dall. 131, recognizance of bail binds the land in Pennsylvania only from the date of the judgment on the *scire facias*. 4 Yeates 308, 316, affirms the opinion in 1 Dall. 131, *Campbell v. Richardson*. At common law a debt due by judgment is superior in dignity to a debt due by recognizance. The order for payment of debts of deceased persons prescribed by Act of Assembly is founded on common-law principles. Judgments superior to recognizances. If sheriff's recognizance is a lien, it is then a lien uncertain in its amount, contrary to all other liens for they are certain as to their amount, and time of payment. 2 Bac.Abr. 432, L, title, "Execution and Administration," as to order of debts binding on land. A debt unascertained cannot be a lien. Doubts whether judgment on bond with a collateral condition, and warrant of attorney is a lien on land. On a sale of land by sheriff, how said money be paid by him, to a judgment on a bond with a collateral condition, when the damages, or debt, to be secured by such bond or judgment is not ascertained, such a debt is contingent, and a lien must be certain. So sheriff's recognizance is uncertain; nothing ascertained. This sheriff's recognizance is created by Act of Assembly, and the Act does not make it a lien, therefore it cannot on legal principles be a lien. But it may fairly be inferred from the Act that the recognizance is not a lien from its date. No necessity for such construction for the courts may compel sheriff to bring it into court,

which is a better security. ([NOTE.] What security is this power, if he cannot or will not bring it in?)

By the Act it is to be inferred that the recognizance is not a lien. 2 Del.Laws 1129, 1130, Sheriff's recognizance. Recognizance for the use [of those] who may be injured by sheriff, by neglect of duty, etc. The proceeding on recognizance is totally different from proceeding on a lien. No execution can issue on the recognizance till suit by party injured, and judgment recovered to amount of injury. And then he can issue execution for the damages thus ascertained. Under this Act no pretense to consider this recognizance as a lien from its date.

2 Bl.Comm. 342. It is true it is here laid down that recognizance binds the land of cognizor from the enrollment on record. But Blackstone refers to Statute, 29 Car. II, by which common-law recognizances are made binding from enrollment, but this does not prove that sheriff's recognizance binds. By that statute it cannot.

Does the Statute of Frauds and Perjuries extend here? We have a substitute, for by our several acts and by our practice, for instance, judgments bind from their date and have not relation to preceding term, and by the common law of the state, derived perhaps from statute. Not necessary, that Statute, [29] Car. II, as to enrollment of recognizance, for we here secure debts by judgments.

Lands are only affected by recognizance by virtue of statute and not by common law. When recognizances at common law bind land it is by Statute of Westminister, and bind by virtue of the Statute, and bind only from enrollment. Recognizances at common law with collateral condition do not bind from date, only from judgment on such recognizances.

Second, whether sale made by sheriff on a mortgage, the sheriff is bound to apply the money to any preceding lien, and discharge the land, or to pay it to mortgagee, leaving the land liable to prior liens. This question had not occurred to counsel before it was propounded by the Court. The proceeding in mortgage here by *scire facias* is same as to foreclose the equity of redemption in England. The sale on mortgage cannot affect anybody but the mortgagor and mortgagee. Purchaser takes title of mortgagor. If it cannot be sold, mortgagee is to be put into possession. 1 Del.Laws 114, s. 6. Proceeding on sale of mortgaged premises, surplus of sale to be rendered to debtor or mortgagor. Sheriff can only collect particular debt.

*N. Vandyke, Jr.,* for defendant in error.

But one question as to the effects of sheriff's recognizance. Recognizance dated December 11, 1799. Mortgage dated May 12, 1806, and judgment thereon April 17, 1809. Judgment on recognizance. Recognizance binds from its caption. Different kinds of recognizances, their nature and effect. 2 Bl.Comm. 341. Recognizance obligation of record, in the nature of judgment and bind land of cognizor. 2 Bac.Abr. 687, title, "Execution." Two distinct recognizances, by common law and by statute. Recognizance in nature of judgment by being recorded in court of record, and binding on judgments. 2 Bac.Abr. Recognizances at common law are the highest security of the common law. Recognizances by Statute of Acton Burnell, 11 Edw. I., Statute of Staple, 27 Edw. III [St. 2]. Recognizance in nature of Statute of Staple. All recognizances, both at common law and by statute bind from their enrollment.

2 Bac. Abr. 329, title, "Execution." That recognizance by statute. Recognizance by sheriff in nature of recognizance at common law. Differs only in its condition from recognizance at common law, and the manner of acknowledgment. And must partake of the effects of recognizance by statute. 1 Shep. Touch. 361, title, "Statute," c. 20; Lands bound from date of statute, and recognizance. 2 Bac.Abr. 341, title, "Execution." 3 Co. 11 *Sir William Harbert's Case* referred to on the other side. That recognizances bind as judgments. 10 Co. 51. [1] Shep. Touch. 365. In case lands are claimed after he enters into recognizance, [they] may be levied on. Co. Litt. 265c. Release made by cognizor of land. 1 Com. Dig. 708, title, "Bail," land of bail liable into whosoever hands they go after recognizance, refers to 2 Cro. 449. 3 Dall. 467, *Cobbett's Case.* Recognizance before Chief Justice is a matter of record in the nature of a judgment. 1 Dall. 265. Recognizance in Orphans' Court, by which land bound for payment of distribution share. 2 Bac. Abr. 338, 339, title, "Execution," that recognizance in nature of judgment. [1] Shep. Touch. 361, title, "Statutes." Co. Litt. 293a, that recognizance in nature of judgment. 2 Bl. R. 465, that recognizance is debt of record. Dalt. Just. 27, sheriff shall enter recognizance by Statute, 2 and 3 Edw. VI, c. 24. Statute, 4 and 5 Will. & Mary, c. 16, if mortgagor has entered into recognizance and does not give notice of recognizance before he enters into mortgage, [he] forfeits equity of redemption. 2 Body Laws, 127. Sheriffs to give security by obligation with sureties. This Act repealed, 2 Del. Laws 924 which gives the recognizance. See preamble.

*Read* for plaintiff in error.

*Vandyke* for defendant in error. The recognizance was intended to give a better security by varying the form, and, unless the recognizance binds the land, the security is not better than the bond was. 2 Bac. Abr. 341, the rule of law in England that all species of recognizance enrolled did operate as a lien on the estate. So the legislature must have intended it. Recognizances in the Orphans' Court always [have] been taken to bind the land, Mr. McKean's opinion. Objection that sheriff's recognizance is not for payment of money absolutely but with a collateral condition. So as to judgment bond with collateral condition. Answer: the court must execute the intention of legislature. They intended to give a better security, and better it cannot be if it does not bind the land. Therefore the court should effectuate the meaning of the legislature. The former bond was merely cautionary, and to initiate the recovery. After the judgment on bond, then *scire facias*. So the judgment on the bond was just equal to the recognizance. The judgment was binding before the *scire facias,* and so the recognizance now is.

Land here liable for debt, not so absolutely in England; more reason then here to say the recognizance is binding on the land than in England. The recognizance is a debt to the State; how it is to be applied is another thing. The $16,000 is a debt due to the State it cannot be increased or diminished, and does bind till it is discharged, or till the limitation is lapsed. The sheriff pledges his goods and chattels, lands, and tenements. Could Bines grant or mortgage his land to Lewden discharged of the recognizance? Lewden claims under Bines and takes as Bines would. (How does the Act of Assembly put the mortgagee?) The Court always have taken the recognizance under the Act binding the land, and not leaving it a mere personal security.

*Mr. Read* for plaintiffs in error. The gentleman's argument has evaded the question. It is manifest that the sale was made under the authority of the *levari facias.* The return of sale was made on the *levari facias.* It comprised the purchases and sum for which it was sold, making a complete return. The return on *venditioni exponas* is no return, it shows no purchaser, nor sum, but is a reference to the other sale. We may then assume it as a sale on the mortgage, and then the question is what was the effect of the sale on the mortgage.

It is argued that the recognizance is from its own nature a lien on land. It is denied by us that a recognizance did not operate as lien. It becomes a lien from statutory provisions. Recognizance as common-law security for debt did not operate as lien; its only operation was to give the creditors recovery out of his

personal property. The recognizance was considered as a lien by construction of Statute Westminster 2. 2 Bac. Abr. 349, execution under *elegit*. *Elegit,* judicial writ given by statute and by construction was extended to recognizance for debt; and so it came to be considered that recognizance by common law bound the land.

Distinction between recognizance at common law and recognizance by statute. 2 Bac. Abr. 330, as to origin of common-law recognizances. Statute of Westminster only gives the remedy upon recognizance at common law for securing the payment of debt. Recognizance on collateral condition cannot be proceeded on as recognizance at common law, for collateral recognizance cannot be proceeded [on] immediately because the debt is not ascertained. Recognizance of bail, though at common law, fixed no debt, and could not be proceeded on by *elegit* immediately. Recognizance such as Statute Merchant, Statute Staple provided a remedy for them by statute and then their force was derived from statute, and the whole property real and personal was subjected to their operation, whereas the *elegit* only extended to a moiety of land, and then by statutory provision certain recognizances operated as lien on land. No instance of common-law recognizance for debt in this state unless the recognizance in Orphans' Court should be considered of that nature. Only common-law recognizance adopted in this state is recognizance of bail, but such have collateral condition and is not for debt, and does not bind the land. Recognizance with collateral condition no lien on land.

5 Co.71, *Hoe's Case.* A recognizance with collateral condition creates no certain duty but is to be rendered certain on a precedent condition, and therefore not being certain but depend upon some event, cannot be released, it being only a possibility. Therefore a recognizance with collateral condition does not create a lien. A recognizance originally did not create a lien, but that its operation was produced by the Statute of Westminster the Second. A recognizance in nature of a judgment was so because party might have execution on recognizance. 1 Statutes at Large 93; 13 Edw. I, c. 18, Westminster the Second. Debt recovered or acknowledged in the King's Court, etc. debt may be levied by execution. 2 Co.Inst. 394, 395, Coke's comment on this statute, on the word "acknowledged." Recognizance of £100 to be paid in five payments, party may have an *elegit* on the failure to pay first £20 or so of the others, because the recognizance is in nature of a judgment. By virtue of this Statute, a recognizance at common law, that is, to pay an ascertained debt, became a lien on land. And so what Blackstone says is true as to recognizance

at common law, but not so as to recognizance with a collateral condition. No authority to show that recognizances generally create liens. A recognizance of bails which is with a collateral condition does not operate as a lien. There has been no case in which it has been so ruled, but there is a dictum of Comyns which says so which we will examine. 1 Com.Dig. title, "Bail" R11,708; he cites Cro.Jac. 449. No judgment given. (See the case.) Lil.Ent. 380; to show the form of entry of a judgment, on a recognizance against the bail contrary to argument of counsel in Cro.Jac. 449. Rast.Ent. 590 *scire facias;* form of entry of judgment on recognizance of bail. Nothing to be inferred from these entries that recognizance of bail created a lien from its date. Recognizance of bail is a common-law recognizance, but not for an ascertained debt, and for no certain duty, but with a collateral condition, and therefore does not create a lien.

Recognizances under Orphans' Court is not this case, and if I could not show that such recognizances do not bind land, it is not a consequence that sheriff's recognizance do bind land. Recognizances in Orphans' Court are different from sheriff's recognizance. They are for the payment of a sum certain for payment of a debt. I would say it was a recognizance at common law, if it were necessary to give validity to it. And supposing the Orphans' Court has authority to take such recognizance, I would say it was a recognizance at common law. It is taken in a court of record and may be said to be in nature of a judgment according to understanding of Coke in relation to the Statute of Westminster.

The Statutes Staple, Merchant, etc. have a certain effect given by statute. They would have been as common-law recognizances and would have affected a moiety of the land, but the statutes extend the effect of these recognizances to the whole land. But our recognizance is not a recognizance of debt, fixing a certain duty, but are recognizances as in *Hoe's Case.* It creates a debt due to nobody. It is in trust for the party grieved, who must show the amount of his grievance, and how it is grieved. 2 Del.Laws 1129, 1130; sheriff's recognizance. The condition is collateral for the performance of sheriff's duty. Declared to be only in trust, and that party grieved may proceed by way of *scire facias,* and yet the counsel of defendant declared it created a debt of $16,000, and yet the law declares it to be in trust only, and therefore could not create a debt to party. How could it be a debt, when the recognizance created no debt, or duty, but merely a trust.

An instrument given in trust cannot create a debt. A debt is a legal right. Then the State is a trustee, and the recognizance can

have effect only for the party grieved. The suit is brought to recover the amount of the grievance and that is the only sum to be recovered, and not the $16,000. Argument *ab inconvenienti* (*Quaere*. How does that argument apply on any side?) When the law is certain and fixed, and when court must decide accordingly, such argument cannot apply. The legislature, if they so intended, should have declared that this recognizance created a lien, but they have not done so. Therefore, it is not to be presumed now to create a lien, and their misconception cannot make the law. As to pledging the lands of the recognizors, it does not do so, notwithstanding the words of the recognizance. It does not bind the goods and chattels, though they are pledged. Goods and chattels cannot be taken but those in the party's possession at the time of the execution, and of course the pledge from the form binds the land no more than the goods, till as to land there is a judgment on the recognizance, and as to goods an execution.

Second point. Enough appears from the record that the sale which produced the money which is the subject of controversy in this court was made upon the *levari facias* sued out on the judgment recovered on the mortgage. To that writ is the return of sale. There is shown the person to whom sale was made, the sum for which sale was made, and when. The indorsement on the *venditioni exponas* is not a return of sale. It is a mere memorandum. If sale was made on *levari facias,* it was the sale of a special pledge, a sale of pledged land to satisfy the particular debt for which it was pledged. The money then must be applied to satisfy this particular incumbrance. This remedy is furnished by Act of Assembly, and it would be a violation of the law to apply the money to any other than the mortgage. It is like the sale of any other pledge as the party to whom the pledge is made is entitled to the money for which pledge is sold. All the principles which are applied to getting possession of the pledge in chancery must be applied to the remedy under the Act of Assembly. The money is taken instead of the thing itself. (But if the mortgagee takes the land does he not take it subject to liens; and, if so, should not the money be applied to liens?)

*Mr. Vandyke* has stopped *Mr. Read,* to read Saunders as next below. 2 Saund. 8, n. 5. *Jefferson v. Morton and others.* That recognizance at common law bound from its caption. 2 Saund. 11, n. 17.

*Mr. Read.* This is an authority for me, precisely in point, for J have admitted the recognizance at common law bound from its caption, where there was a duty certain. The Chancellor at common law could take recognizance for debt, which, when enrolled, bound lands of recognizor. Statute, 2 & 3 Edw. VI [c. 4], does

not provide that sheriffs in England give security, and I know of no law by which sheriff does give security then.

The following is the judgment rendered by the Court:

June Term, 1819. And now, to wit, the 15th day of June, 1819, this cause coming before the Court in the presence of counsel on both sides, and the record and proceedings aforesaid being inspected and examined, and the errors assigned being seen and considered by the Court, and it appearing to the Court that there is error in the record and proceedings aforesaid and in the rendition of the judgment. And the Court considering that the recognizance of a sheriff, being a recognizance with a collateral condition, is not a lien upon lands from the caption thereof, but that the judgment obtained by the party aggrieved, upon the proceedings to be had as directed by the Act of Assembly in that behalf provided, creates a lien for such sum as is recovered in such judgment by the party aggrieved, and no more, and from the date of such judgment, and not before; such recognizance differing from a recognizance in the Orphans' Court taken to secure the payment of the valuation of an intestate's real estate, the same being for the payment of money absolutely, and from the caption thereof: It is therefore considered and adjudged by the Court that the judgment aforesaid be reversed and annulled.

And it is farther considered by the Court here, that the plaintiff in error, the plaintiff below, recover of the said Peter Jaquet, the defendant in error, and defendant below, the sum of $1711.20, being the sum ascertained by the Court here to be due from the administrators of Thomas Perkins on account of the sales in the record returned in this Court mentioned and referred to, and also the costs of suit in this court and the court below to be taxed, etc.

NOTE. Sheriff Perkins sold the lands of Maxwell Bines, former Sheriff of New Castle county, on writs of execution. Bines, as Sheriff, had entered into a recognizance December 11, 1799, and he afterward mortgaged land May 12, 1806. The question was whether the recognizance bound from its date. The Court was of opinion that it did not, and so Lewden, claiming under the mortgage, got his money. But there was more money in Sheriff Perkins' hands made on the sale of Bines' real estate than satisfied the mortgage, and such other money was liable to other creditors. But it was referred to CHIEF JUSTICE JOHNS and CHIEF JUSTICE BOOTH to ascertain the amount of mortgage money, and they did so, and found the sum due to Lewden on the

mortgage to be $1711.20, and upon that agreement judgment was rendered for Lewden, the plaintiff in error, for that sum.